IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARIYAH MONTAE | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:14-CV-258-O |
| | § |
| TARRANT COUNTY COLLEGE, | § |
| ET AL. | § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS' FIRST AMENDED MOTION TO DISMISS

Pending before the Court is the Defendants' First Amended Motion to Dismiss [doc. # 22], filed July 22, 2014. Having carefully considered the motion, and noting that Plaintiff wholly failed to file a response, the Court recommends granting the Defendants' motion for the reasons stated in the motion and Memorandum in Support.[1]

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28

---

[1] The Court notes that a district court generally errs if it dismisses a *pro-se* complaint for failure to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend. However, such requirement generally applies only if the plaintiff has not alleged his "best case." *See Dark v. Potter*, 293 F. App'x 254, 256-57 (5th Cir. 2008). "While a precise definition of a plaintiff's 'best case' is elusive, this Court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint. *Id.* at 257. In this case, Montae was notified of the alleged deficiencies in her pleadings by the Defendants' motion to dismiss, and she wholly failed to file any response. Consequently, the Court concludes that Montae has pled her best case and such pleadings are deficient.

U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 8, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 25, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE